S97Y1597, S97Y1598, S98Y0252. IN THE MATTER OF STANLEY J. KAKOL, JR.
(494 SE2d 340)

PER CURIAM.

Respondent Stanley J. Kakol, Jr. filed a Petition for Voluntary Discipline seeking to resolve nine disciplinary matters currently pending against him in two notices of discipline docketed in this Court as Case Nos. S97Y1597 and S97Y1598. In his petition, Kakol admits violating Standards 22 (failure to properly withdraw from employment on discharge by client); 44 (wilful abandonment or disregard of a client's legal matter); 61 (failure to promptly notify a client of the receipt of client funds or property and to promptly deliver the funds or property to the client); 63 (failure to maintain complete records of client); and 65 (commingling of client funds with those of the lawyer) of Bar Rule 4-102 (d), and requests a three-year suspension from the practice of law. The State Bar and the special master recommend acceptance of the petition. Based on Kakol's admissions and taking into account certain mitigating factors present in this case, we accept the Petition for Voluntary Discipline and hereby order that Kakol be suspended from the practice of law in this State for a period of three years, with reinstatement on the conditions set forth below. The State Bar's motion to withdraw notice of discipline in Case No. S97Y1598 is granted.

In some or all of the nine pending disciplinary matters, Kakol

---

[1] Parello does not contest the amount of damages awarded.

agreed to represent clients and then did not take appropriate action in their cases, including failing to file lawsuits or settle cases, failing to appear in court or notify the client of court dates thus permitting the statute of limitation to expire and cases to be dismissed; failing to return client files upon request; failing to promptly deliver settlement proceeds to a client; presenting checks from his escrow account against insufficient funds; and using his escrow account as his personal checking account. In mitigation of his conduct, Kakol states that he experienced tremendous personal and financial problems and became seriously depressed; that he sought professional help for his depression and remained in counseling for an extended period of time; that he was dependent on alcohol and prescription medicine; and that he is deeply remorseful for the harm he caused his clients. The State Bar, in recommending acceptance of Kakol's petition, notes that he has displayed a cooperative attitude toward the disciplinary proceedings.

We agree with the State Bar and the special master that Kakol's actions, as he admits, constitute violations of Standards 22, 44, 61, 63 and 65. We have reviewed the record and find that suspension is an appropriate sanction in this case. Accordingly, Kakol is hereby suspended from the practice of law in this State for a period of three years from the date of this opinion. Kakol's suspension shall continue until such time as he provides certification to the Office of the General Counsel of the State Bar that he has completed a mental health assessment with a board certified psychiatrist acceptable to the Lawyer Assistance Program; participates in alcohol addiction counseling, with his progress to be reported to the Lawyer Assistance Program; and the Lawyer Assistance Program has certified that Kakol is fit to resume the practice of law and poses no threat of substantial harm to his clients or the public.

Kakol is reminded of his duties under Bar Rule 4-219 (c) to notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Three-year suspension, with reinstatement on conditions. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*William P. Smith III, General Counsel State Bar, Elizabeth W. Morn, Assistant General Counsel State Bar,* for State Bar of Georgia.